IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOURCEROCK ENERGY PARTNERS, LP, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 21-1299-TC-ADM |
| v. | ) ) |
| REDHAWK ADVISORS, LLC, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Elk Energy Holdings, LLC's ("Elk Energy") Motion for Leave to Join Counterclaim Defendants. (ECF 16.) By way of the motion, Elk Energy seeks leave to join as counterclaim defendants Gotham Energy Development Corporation, LLC ("GEDC"), Goldstone Energy Buresh Prospect, LP ("GEB"), and Gotham Resource Development Company, LLC ("GRDC"). Because joinder is appropriate under Federal Rule of Civil Procedure 20(a), the motion is granted.

**I.  BACKGROUND**

This case arises from the sale of a 50% working interest in oil and gas leases that the parties call "the Buresh Project." In 2016, plaintiff SourceRock Energy Partners, LP ("SourceRock") purchased the interest from defendant Redhawk Advisors, LLC ("Redhawk") for $500,000 in turn-key costs (which included the leases, the completion of a saltwater disposal well, and recompletion of an existing wellbore). Plaintiff Goldstone Energy, LLC ("Goldstone") is, according to the amended complaint, SourceRock's successor in interest to the Buresh Project.

Defendant Thomas C. Knowles ("Knowles") is Redhawk's Chief Executive Officer ("CEO") and oversaw the Buresh Project. He is also the CEO of Elk Energy, which is the sole

operator of the Buresh Project. Elk Energy was responsible for completing the saltwater disposal well and recompleting the existing wellbore. In 2018, Elk Energy entered a Joint Operating Agreement ("JOA") with GEDC, through GEDC's representative Jason A. Gilbert ("Gilbert").[1] (ECF 13-1, at 19.) In signing the JOA, GEDC represented that it (not SourceRock or Goldstone) was the owner of the 50% working interest in the Buresh Project. (*Id.* at 21.) Under the JOA, GEDC agreed that "all costs and liabilities incurred in operations . . . shall be borne and paid . . . by the parties as their interests are set forth in Exhibit 'A.'" (*Id.* at 5.) Exhibit A designated GEDC as the 50% owner of the working interest. (*Id.* at 21.) Elk Energy alleges GEDC later transferred the interest, in various percentages, to GEB, GRDC, and/or Goldstone. (ECF 12 ¶ 7; *see also* ECF 21-1 (May 15, 2019 letter from Gilbert to Knowles setting out transfers of portions of the working interest).) According to Elk Energy, it sent monthly invoices for the Buresh Project operating expenses "to GEDC or its designee, primarily [GEB] and GRDC," and GEDC is in default on its payments. (ECF 12 ¶¶ 11-12.)

In December 2021, SourceRock and Goldstone (collectively, "plaintiffs") filed this lawsuit against Knowles, Redhawk, and Elk Energy (collectively, "defendants"), alleging plaintiffs did not receive the benefit of their bargain because defendants failed to deliver an assignment of interest to the Buresh Project and to complete the turnkey projects. Plaintiffs bring claims for breach of contract, demand for accounting, breach of duty to act as a prudent operator, and negligent misrepresentation. (ECF 6, at 7-12.) Alternately, plaintiffs allege Redhawk and Elk Energy converted SourceRock's purchase money. (*Id.* at 12-13.)

---

[1] Elk Energy alleges SourceRock, Goldstone, GEDC, GRDC, and GEB are affiliated entities owned by Gilbert. (ECF 12 ¶ 8.) It is not clear whether plaintiffs deny that allegation. Plaintiffs state both that they deny the allegation and that they do not have sufficient information to admit or deny the allegation. (ECF 14 ¶¶ 6-7.)

2

On February 2, 2022, Elk Energy asserted counterclaims against the plaintiffs and against GEDC, GEB, and GRDC. (ECF 12, at 10-15.) Alleging GEDC failed to pay operating expenses under the JOA, Elk Energy brings claims for breach of contract and unjust enrichment.[2] It seeks compensatory damages or, in the event judgment is entered in plaintiffs' favor, setoff. (*Id.* at 14-15.) Elk Energy then filed the instant motion on February 24, 2022, seeking leave to join GEDC, GEB, and GRDC as counterclaim defendants.[3]

## II. ANALYSIS

When a defendant seeks to add "a person as a party to a counterclaim," Federal Rule of Civil Procedure 13(h) directs that the joinder provisions of Rules 19 and 20 govern. Rule 19 discusses the joinder of parties who "must be joined," *i.e.*, "required joinder," while Rule 20 discusses joinder of parties who "may be joined," *i.e.*, "permissive joinder." Elk Energy seeks to join GEDC, GEB, and GRDC under either Rule 19 or Rule 20. Because the court determines below that permissive joinder under Rule 20 is appropriate, the court need not consider the applicability of required joinder under Rule 19. *See Macaulay v. St. Louis BOA Plaza, LLC*, No. 4:21-CV-00476-SRC, 2022 WL 782301, at *2 (E.D. Mo. Mar. 15, 2022); *NovaFund Advisors, LLC v. Capitala Grp., LLC*, No. 3:18-CV-1023, 2020 WL 230089, at *16 (D. Conn. Jan. 14, 2020); *Matter of High-Top Holdings, Inc.,* No. 16-10022-WHD, 2016 WL 4414674, at *2 (Bankr. N.D.

---

[2] Though not entirely clear, Elk Energy appears to be asserting both claims against plaintiffs, GEDC, GEB, and GRDC. (ECF 12, at 14.) Elk Energy premises the claims on a Lease Operating Expenses Statement, which it attaches as an exhibit to its counterclaim, that is directed to Goldstone, GEDC, GEB, and GRDC. (ECF 13-2.) At this time, plaintiffs do not challenge the sufficiency of Elk Energy's counterclaims.

[3] Plaintiffs do not challenge whether, as a procedural matter, Elk Energy should have filed its motion for leave to join GEDC, GEB, and GRDC as parties at the same time it filed its counterclaim. Accordingly, the court does not address this question.

Ga. July 18, 2016). *See also Jenkins v. Duffy Crane & Hauling, Inc.,* No. 13-CV-00327-CMA-KLM, 2015 WL 6464437, at *4 (D. Colo. Oct. 27, 2015) (holding that when a plaintiff alleges defendants "'are jointly, severally, or jointly and severally liable, individual defendants are typically permissive parties, not required parties' . . . [and] Rule 20 applies, not Rule 19" (citation omitted)).

Rule 20(a)(2) permits a counterclaim plaintiff to join multiple counterclaim defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1652, at 395 (3d ed. 2001)). Under the Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966). Accordingly, courts liberally construe the joinder provisions of Rule 20. *See Snyder v. Harris,* 394 U.S. 332, 340 (1969) (referring to the "liberal joinder provisions of Rule 20"); *Prather v. First Student Inc.,* No. 18-CV-02178-CM-GEB, 2018 WL 6659614, at *4 (D. Kan. Nov. 21, 2018) ("Courts generally construe Rule 20(a) broadly. . . .").

After considering these legal standards, the court finds GEDC, GEB, and GRDC proper counterclaim defendants under Rule 20(a)(2). First, Elk Energy's counterclaims against them and plaintiffs for breach of contract and unjust enrichment all arise out of the same transactions or series of transactions—that is, Elk Energy's operation of the Buresh Project and the allegedly unpaid expenses arising from that operation. Elk Energy asserts that because the counterclaim

4

defendants each may own a percentage of the 50% working interest in the Buresh Project (all sharing common ownership and one or more being the alter ego of Gilbert), they are jointly and severally liable for the outstanding lease operating expenses. (ECF 12, at 11, 14-15.)

Second, there are common questions of fact and law related to the transfer of ownership interests in the Buresh Project and determining which party or parties is allegedly responsible for the outstanding operating expenses under the JOA. Elk Energy explains that the ownership of the 50% working interest in the Buresh Project is convoluted. For example, although the amended complaint alleges that Goldstone is SourceRock's successor in interest in this respect, the JOA was signed by GEDC as the owner, suggesting GEDC is the relevant successor in interest. (*See* ECF 16, at 2.) Elk Energy also claims, without contradiction by plaintiffs, that GEDC later transferred various percentages of the 50% working interest to GEB, GRDC, and Goldstone. (ECF 16, at 3). Resolving the ownership question will involve evidence that Elk Energy should not have to put on—and the court should not have to consider—multiple times in multiple lawsuits. Because Elk Energy "cannot yet determine the allegedly liable legal entity or entities," the court finds it proper to allow Elk Energy to name all potentially responsible parties. *See Les Indus. Wipeco, Inc. v. Bluestem Mgmt. Advisors, LLC,* No. 21-2289-JAR, 2021 WL 5177382, at *4 (D. Kan. Nov. 8, 2021) (permitting Rule 20(a)(2) joinder of "potentially responsible" party where movant "cannot yet determine the allegedly liable legal entity or entities").

Plaintiffs oppose joinder of additional parties, arguing that because defendants failed to deliver to SourceRock an assignment of interest to the Buresh Project, SourceRock could not have effected a valid transfer of its "interest, which would include the obligation to pay corresponding operating expenses." (ECF 19, at 2.) In other words, plaintiffs argue only SourceRock could potentially be liable to Elk Energy for the allegedly unpaid operating expenses Elk Energy seeks

5

under the JOA. The problem with this argument, however, is that it is belied by GEDC's signature on the JOA, as well as plaintiffs' own allegations in the amended complaint that Goldstone is SourceRock's successor in interest. (ECF 6, at 2 ("Plaintiff Goldstone is a successor in interest to Plaintiff SourceRock insofar as it relates to the oil and gas leases at issue in this Complaint.").) In any event, this is another question of law common to all the named counterclaim defendants, and it further supports their joinder in a single action.

The court finds that allowing Elk Energy to join GEDC, GEB, and GRDC as counterclaim defendants satisfies both the language and spirit of Rule 20.

**IT IS THEREFORE ORDERED** that Elk Energy's Motion for Leave to Join Counterclaim Defendants (ECF 16) is granted.

Dated April 15, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
